IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Nationstar Mortgage LLC, ) | Civil Action No. 2:15-0508-RMG-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| John Bradley, Jr., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

      This is a mortgage foreclosure action originally filed by the Plaintiff in the South Carolina Court of Common Pleas against the Defendant John Bradley, Jr., and others, seeking foreclosure of certain real property located in Dorchester County, South Carolina, owned by Defendant Bradley. Nationstar Mortgage LLC v. Bradley, et al., Civil Action No. 11-CP-18-2026 (See Court Docket No. 1-1, pp. 7-10). The Defendant Bradley removed this state court foreclosure action to this Court, pro se, on February 3, 2015. Thereafter, on February 17, 2015, Bradley filed an amended notice of removal in which he also purports to remove a second state court action, Bradley v. Bank of America, N.A., et. al., Civil Action No. 11-CP-18-1719 (See Court Docket No. 4-1, pp. 6-8), with the apparent contention that it be considered in conjunction with the previously removed state court case, all as one federal court action. This second state court action is captioned as a "quiet title" action relating to the same real property involved in the foreclosure action, and in which the Defendant Bradley is the Plaintiff. Nationstar Mortgage filed a motion to remand on March 12, 2015, apparently intended to apply to both state cases, asserting that "there is no legal basis whatsoever supporting removal".



1

Both parties have submitted substantial documentary evidence showing that the Defendant Bradley obtained a mortgage loan on the subject property in 2007, and that the mortgage has been in default since 2011. Bank of America, NA, which at that time was the mortgage holder, filed the state court foreclosure action on October 7, 2011.[1] See Exhibit (Court Docket No. 1-1, pp. 5-10). The documentary evidence provided to the Court further reflects that the Defendant Bradley filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Middle District of Pennsylvania on June 25, 2012, but that the debt at issue in the underlying actions was discharged and the automatic bankruptcy stay lifted by order of the Bankruptcy Court filed September 17, 2013. See Exhibits (Court Docket No. 5-4, pp. 1-8). During the pendency of his bankruptcy, Bradley pursued several adversary proceedings in the Bankruptcy Court, which included both of these South Carolina cases. The evidence provided to this Court shows that by Order filed March 6, 2014, the United States Bankruptcy Court for the Middle District of Pennsylvania noted that Bradley had already removed the state court foreclosure action at issue here to *that* court[2], and that the creditor's motion to remand the foreclosure case back to the South Carolina State Court was being granted because removal should have been to the federal court in South Carolina, not Pennsylvania. The Bankruptcy Court also noted that Bradley's removal of the state court foreclosure action was not timely and that the factual circumstances appeared to suggest that the elements for mandatory abstention of the federal court

---

[1] With respect to the quiet title action in which Bradley has named Bank of America as the Defendant, the loan documents reflect that the original mortgage holder was Shelter Mortgage Company, LLC, with the mortgage thereafter going through several assignments, ultimately ending up at BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loan Servicing, LP. See Court Docket No. 5-4, pp. 62-63. That entity then merged with Bank of America, NA, which then assigned the mortgage at issue in the underlying action to the Plaintiff herein, Nationstar Mortgage, LLC. See Court Docket No. 504, p. 63.

[2] See Adversary No. 5:13-ap-00247-JJT (Court Docket No. 5-4, pp. 7-8).



2:15-cv-00508-RMG     Date Filed 08/17/15     Entry Number 14     Page 3 of 7

under 28 U.S.C. § 1334(c)(2) applied. See Exhibits (Court Docket No. 5-4, pp. 7-8). Cf. In re Rosales, No. 12-30590, 2012 WL 4343701 at * 3 (Bankr.W.D.Tex. Sept. 21, 2012)[Noting that "a bankruptcy court may, *sua sponte,* decide to remand a removed suit or abstain from hearing a suit if it concludes that remand or abstention is appropriate."].

With respect to the claims presented in his separate quiet title action[3], which Bradley pursued as an adversary proceeding in the Pennsylvania Bankruptcy Court to determine certain issues regarding liens on the South Carolina property at issue in the foreclosure action, the Bankruptcy Court denied the creditors' motion to dismiss with respect to that case at that time on two of the claims, but in a separate order filed December 18, 2014, held that while the underlying matter raised was a "core proceeding", since the impact on the bankruptcy estate was only tangential and because the underlying issues involved would be resolved purely by application of the state law of South Carolina, the Bankruptcy Court would abstain from hearing that matter under the abstention provisions of 28 U.S.C. § 1334(c)(1). See Exhibits (Court Docket No. 5-4, pp. 4-5, 70). Bradley appealed that ruling to the United States District Court for the Middle District of Pennsylvania; Id., at p. 71; but there is no indication in the record before this Court that the Pennsylvania District Court has ruled on this appeal (Adversary No. 5:13-ap-00247-JJT ), nor is there any evidence or record that Bradley ever appealed the ruling of the Bankruptcy Court granting the motion to remand the state court foreclosure action (Adversary No. 5:13-ap-00274-JJT) back to South Carolina State Court.

Thereafter, a judgment was issued in the state court foreclosure case (Civil Action No. 11-CP-18-2026) on February 2, 2015, granting the Plaintiff's (Nationstar Mortgage) motion for

---

[3]See Adversary No. 5:13-ap-00247-JJT (Court Docket No. 5-4, pp. 4-5).

3



summary judgment in that case.[4]  Plaintiff was directed to send the Defendant Bradley reinstatement figures and a loss mitigation package, following which Bradley would have forty-five days to respond to the loss mitigation request.  If Bradley failed to comply, Plaintiff (Nationstar Mortgage) would be given leave to schedule a final damages hearing in order to establish the judgment amount.  See Exhibit (Court Docket No. 5-4, pp. 62-69).  Plaintiff thereafter removed that case to this Court the following day, February 3, 2015, pursuant to 28 U.S.C. § 1452(a), asserting that this matter is a "core proceeding" under the Federal Bankruptcy laws and that the property at issue is part of his bankruptcy estate.  In his amended notice of removal, which relates to Bradley's separately filed "quiet title" action, Bradley again asserts removal is proper because the matter at issue is a "core proceeding" under the Federal Bankruptcy laws.

        After careful review of the arguments and exhibits presented in conjunction with the applicable statutes and case law, the undersigned finds that Plaintiff's motion for remand should be granted.  First, Bradley's argument that the viability of the note and mortgage at issue must be resolved by this Court because it is a "core proceeding" under the Bankruptcy Code is unavailing, as "[a]n assertion that the action is a core or non-core proceeding is not an allegation of federal jurisdiction; rather, it relates to the power of the bankruptcy court to resolve the issues brought before it after jurisdiction is established".  Abner v. Mate Creek Landing, Inc. (In re Mid-Atl. Res. Corp.), 283 B.R. 176, 186 (S.D.W.Va. 2002).  The Bankruptcy Court in Pennsylvania did address and resolve these issues, deciding that abstention was proper in Adversary No. 5:13-ap-00247-JJT, and noting that the factual circumstances in Adversary No. 5:13-ap-00274-JJT also appeared to suggest that abstention

---

[4]The state court order granting Nationstar Mortgage a judgment in the case also found, inter alia, that the assignment of the note and mortgage at issue by Bank of America, NA to Nationstar Mortgage was valid and proper, and that Nationstar Mortgage was the holder of Bradley's note and mortgage.



was proper. Further, the Pennsylvania Bankruptcy Court also found that the removal of this case was untimely and was also to the wrong district, so the matter was remanded to the South Carolina state court.

Bradley's belated attempt to now once again remove the State Court foreclosure action, this time to the District Court of South Carolina, is manifestly untimely. Bankruptcy Rule 9017(a)(2) provides that a notice of removal must be filed within the longest of A) 90 days after the order of relief was filed, or B) 30 days after entry or an order terminating a stay. Here, the order for relief dates from the filing of the Chapter 7 Bankruptcy Petition (See 11 U.S.C. § 301(b)) on June 25, 2012, and an order terminating the stay (see 11 U.S.C. § 362(c)(2)(C)) was entered on September 17, 2013. Hence, Bradley's removal of this action was well outside the 90 or 30 day time limits provided by Rule. Even if this Court were to find that the time for removal of the foreclosure action did not begin to run until March 6, 2014 (the date of the Bankruptcy Court's order on the adversary proceedings), which remanded the foreclosure action back to the state court of South Carolina, Bradley's removal of the case to this Court on February 3, 2015 still fell well outside the applicable time limits. Despite the Pennsylvania Bankruptcy Court's March 6, 2014 order specifically noting the removal had not been timely filed in that action, Bradley did not take any action to seek to promptly remove the action to this Court upon its remand back to state court. Rather, he waited almost another year before removing the matter to this Court on February 3, 2015, and only did so then after discovering that summary judgment was going to be entered against him.

Bradley's attempt to remove his quiet title action to this court is also untimely for the same reasons. As previously discussed, the order for relief dates from the filing of the Chapter 7 Bankruptcy Petition (See 11 U.S.C. § 301(b)) on June 25, 2012, and an order terminating the stay (see



11 U.S.C. § 362(c)(2)(C)) was entered on September 17, 2013. Hence, Bradley's removal of this action was well outside the 90 or 30 day time limits provided by Rule. Furthermore, even if Bradley's removal had not been untimely, he would face additional hurdles with regard to this action. Such hurdles include, but are not limited to, that Bradley has provided no basis for why this Court should exercise jurisdiction over the claims in that case, which are the same claims he is pursuing currently on appeal to the United States District Court for the Middle District of Pennsylvania. Fundamental fairness and judicial economy do not support Bradley pursuing the same remedy simultaneously in two different district courts.

Therefore, it is **recommended**[5] that Plaintiff's motion to remand be **granted**. The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

August 17, 2015
Charleston, South Carolina

---

[5] While many Courts have held that an order of removal is non-dispositive and can be issued by a United States Magistrate Judge in a non-consent case, it has not been firmly established whether the undersigned can issue an order of remand, or whether a Report and Recommendation is required. Cf. Williams v. Beemiller, Inc., 527 F.3d 259 (2d Cir. 2008)[Finding that remand orders are dispositive]; Vogel v. U.S. Office Products Co., 258 F.3d 509, 514-517 (6th Cir. 2001)[same]; First Union Mortgage Co. v. Smith, 229 F.3d 992, 996-997 (10th Cir. 2000)[same]; In re U.S. Healthcare, 159 F.3d 142, 145-146 (3d Cir. 1998)[same]; Vaquillas Ranch Company v. Texaco Exploration & Production, Inc., 844 F. Supp. 1156, 1163 (S.D.Texas 1994); McDonough v. Blue Cross of Northeastern Pennsylvania, 131 F.R.D. 467 (W.D.Pa. 1990); City of Jackson v. Lakeland Lounge of Jackson, Inc., 147 F.R.D. 122, 124 (S.D.Miss. 1993); Long v. Lockheed Missiles & Space Co., 783 F.Supp. 249 (D.S.C. 1992). While the undersigned has issued remand orders in other cases under different circumstances, since the Defendant Bradley is pro se, out of an abundance of caution a Report and Recommendation, instead of an Order, is being entered.



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

